UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **EMET, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO.: 5:21-cv-00753** |
| § | |
| **JOHNSON CONTROLS, INC., DONALD** § | |
| **VINCE BAKER, INDIVIDUALLY, AND** § | |
| **ACCU-AIRE MECHANICAL, LLC,** § | |
| § | |
| Defendants. § | |

### DEFENDANT JOHNSON CONTROLS, INC.'S
### NOTICE OF REMOVAL

Defendant Johnson Controls, Inc. ("JCI") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

### I.   INTRODUCTION

1. This is an action alleging negligence and fraud related to the installation of a building automation system and servicing of HVAC equipment. On June 16, 2021, Plaintiff filed its Original Petition and Request for Disclosures in Cause No. 2021-CI-12044 in the 438th District Court of Bexar County, Texas, initiating a civil cause of action against Defendants JCI, Donald Vince Baker ("Baker"), and Accu-Aire Mechanical, LLC ("Accu-Aire"). Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant JCI. Defendant Baker has been improperly joined for the purpose of defeating diversity. Additionally, Defendant Accu-Aire has been joined for the purpose of defeating diversity and Plaintiff's claims against Accu-Aire may be severed from Plaintiff's claims against JCI pursuant to Fed. R. Civ. P. 20 and 21.

---

**DEFENDANT'S NOTICE OF REMOVAL**                                                                        **PAGE 1**

3. Plaintiff alleges multiple causes of action against Defendants related to the HVAC system at its property located at 102 9th Street, San Antonio, Texas 78215 and the Metasys Building Automation System. Plaintiff specifically alleges negligence, fraud, and breach of fiduciary duty.

4. JCI received the Citation and Plaintiff's Original Petition and Request for Disclosures by certified mail on July 12, 2021. Exhibit D.

5. JCI now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Bexar County state court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.   Complete Diversity Exists Between the Viable Parties.

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, a Texas limited liability company with its principal place of business in San Antonio, Texas. Thus, for purposes of diversity of citizenship, Plaintiff is a Texas citizen.

8. JCI is a Wisconsin corporation with its principal place of business located at 5757 North Green Bay Avenue, Milwaukee, Wisconsin 53209. Thus, for purposes of 28 U.S.C. § 1332, JCI is a citizen of Wisconsin.

9. It is apparent that Plaintiff joined Baker and Accu-Aire as defendants for the purpose of defeating diversity jurisdiction as Plaintiff explicitly alleges a lack of federal court jurisdiction and asserts that any attempt at removal would be "improper." *See* Exhibit C, Original Petition ¶¶ 14-17.

### 1) Defendant Donald Vincent Baker's Citizenship Should Be Ignored for Diversity Purposes Because He Was Improperly Joined.

10. Defendant Baker is a citizen of Texas but Baker's citizenship must be disregarded for purposes of determining diversity of citizenship because he has been improperly joined as a defendant in this lawsuit. Plaintiff fails to state a claim upon which it has a possibility of recovery against Baker.

11. As the court in *Ayoub v. Baggett*, 820 F. Supp. 298, 300 (S.D. Tex. 1993) stated: "[G]iven the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity."

12. The doctrine of improper joinder represents an exception to the usual requirement for complete diversity of citizenship of the parties. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004) (*en banc*). The Fifth Circuit has explained that "[f]raudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). In determining whether the standard for fraudulent joinder is met under option (2), the Fifth Circuit has articulated that a court must determine:

> Whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

13. In sum, improper joinder exists where a plaintiff has failed to plead under state law any specific actionable conduct against the non-diverse defendant. *Travis*, 326 F.3d 644 at 648. A

plaintiff cannot avoid removal by pointing to "a mere theoretical possibility of recovery under local law." *Id*. at 648.

14. Here, JCI does not allege there has been fraud in the pleadings. Instead, JCI asserts that Plaintiff has no reasonable basis of recovery in its sole cause of action against Defendant Baker for breach of fiduciary duty.

15. Under Texas law, in order for a tort claim against a company employee to succeed, that employee must have had an independent duty of care separate and apart from the employer's duty and or some type of active involvement in the events at issue. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (holding that that individual liability of a corporate employee "arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."); *see also Kopczynski v. Wal-Mart Stores Tex., LP*, 2011 WL 902237 (S.D. Tex. 2011) (finding no independent duty on the part of store greeter separate from any owed by the employer and noting that the greeter was conducting her ordinary job responsibilities).

16. Therefore, in order to establish a cause of action against Baker, Plaintiff must plead facts which support not only a finding of the breach of an independent duty, but a fiduciary one at that. The Court must examine the assertions contained in the pre-removal Petition to determine whether Plaintiff has asserted a claim upon which he has a possibility of recovery. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

17. Plaintiff's claims against Defendant Baker are a clear legal impossibility under Texas law because Plaintiff has not asserted any facts that Defendant Baker owed any duty to Plaintiff separate and apart from his employer JCI, let alone a fiduciary one. Plaintiff fails to distinguish the conduct of JCI and Defendant Baker—they are included together in the same cause of action for breach of fiduciary duty and the allegations against them are made together. (*See*

Exhibit C, Petition ¶¶ 94-108). There is nothing in the Petition to suggest Defendant Baker owed a fiduciary duty to Plaintiff or performed his duties relative to Plaintiff outside of the scope of his employment.

18.     As a result, Defendant Baker has been improperly joined and his citizenship should be disregarded to allow for removal. *Compare Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 181 (5th Cir. 2018) (holding that the seller's employee who sold a product to plaintiff was fraudulently joined and removal was proper because employees do not owe a plaintiff buyer any separate duty of care apart from the employer).

### 2)   Defendant Accu-Aire Mechanical LLC's Citizenship Should Be Ignored for Diversity Purposes Because It Has Been Misjoined.

19.     Defendant Accu-Aire Mechanical, LLC ("Accu-Aire") is alleged to be a citizen of Texas as it as a Texas limited liability company with its principal place of business in San Antonio, Texas, but Accu-Aire's citizenship may be disregarded for purposes of determining diversity of citizenship because it has been misjoined as a defendant in this lawsuit.

20.     Rule 20 allows for permissive joinder when:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

21.     Here, there is no right to relief asserted against JCI and Accu-Aire jointly, severally, or in the alternative. JCI and Accu-Aire have no business connection or other relationship; in fact, JCI and Accu-Aire are competitors with Plaintiff admitting that it replaced JCI's services with Accu-Aire's. Petition at ¶ 59. Thus, Plaintiff's claims are based on separate acts at different times. In other words, Plaintiff's claims against JCI and Accu-Aire do not arise out of the same

transaction or occurrence; rather, Plaintiff complains about JCI's conduct and then Accu-Aire' separate, subsequent conduct.  As a result, Plaintiff's inclusion of Accu-Aire as a defendant in the same litigation as JCI fails to meet the standards for permissive joinder.

22. Under Rule 21, where there is misjoinder, "[o]n motion …, the court may at any time, on just terms, [] drop a party. The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  The Supreme Court has interpreted the rule's provisions broadly, observing that "it is well settled that Rule 21 invests District Courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

23. Here, the Court should either drop Accu-Aire as a party or sever the claims against JCI from the claims against Accu-Aire.  It is clear that the claims against Accu-Aire are somewhat of an afterthought, added to defeat diversity jurisdiction as evidenced by the comparative lack of specific allegations against Accu-Aire compared to those against JCI. *Compare* Petition at ¶¶ 59-68 with ¶¶ 28-58.

24. More importantly, there are little, if any, common questions of law or fact between JCI's conduct and Accu-Aire's conduct.  Certainly, Accu-Aire will argue that it has no knowledge of, or liability for, the alleged misconduct of JCI, including purported billing for items that should have been covered under warranty (Petition at ¶¶ 46-47) or sending mechanics with higher levels of skill than necessary (*Id*. at ¶¶ 48-49) and vice versa.

25. In addition, whether JCI owes Plaintiff a fiduciary duty will be based on different facts and evidence then whether Accu-Aire owes Plaintiff a fiduciary duty.  Likewise, whether JCI committed fraud will be based on a completely different set of facts (i.e. representations) than those against Accu-Aire.  Thus, Accu-Aire has been misjoined as the standards for permissive

joinder under Rule 20 have not been met and JCI is entitled to the relief afforded under Rule 21 for misjoinder.

26. As the Supreme Court stated in *Newman-Green*, a dispensable nondiverse party may be dropped. Here, Accu-Aire is not an indispensable party to the claims brought by the Plaintiff against JCI under the standards of Federal Rule of Civil Procedure 19 because the Court can grant complete relief between Plaintiff and JCI without the inclusion of Accu-Aire since there is no joint and several liability. Likewise, neither JCI nor Accu-Aire would be subject to multiple or inconsistent obligations should the matters proceed separately in federal and state court.

27. Plaintiff also will not be unduly prejudiced by severance because it can continue to prosecute its claims against Accu-Aire in the state court action while its separate claims against JCI proceed before this Court.

28. Thus, because Accu-Aire is a dispensable, non-diverse defendant, the Court should grant severance and allow the claims by Plaintiff against JCI and Accu-Aire to proceed separately.

**B.    The Amount in Controversy Exceeds $75,000.**

29. Additionally, the claims asserted by Plaintiff exceeds $75,000. "As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees." Exhibit C at ¶ 2; *see also Id*. at ¶ 1 ("Plaintiff seeks monetary relief over $250,000."). Thus, should Plaintiff prevail on her claims herein, the damages potentially to be awarded exceed $75,000 on their face.

### III.    VENUE

30. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the

438th District Court of Bexar County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

## IV.   PROCEDURAL REQUIREMENTS

31.   Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Plaintiff's Original Petition and Request for Disclosures filed on June 16, 2021 |
| D. | Proof of Service of Citation on JCI on July 12, 2021 |
| E. | Accu-Aire Mechanical, LLC's Original Answer |
| F. | List of Counsel of Record |

32.   This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and JCI with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

33.   Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

34.   Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

35.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 438th District Court of Bexar County, Texas promptly after filing of same.

## V. CONCLUSION

36. JCI respectfully requests that the above-captioned action now pending in the 438th District Court of Bexar County, Texas, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division.

    Respectfully submitted,

    */s/ Dawn S. McCord*
    Dawn S. McCord
    State Bar No. 24002934
    dawn.mccord@faegredrinker.com
    FAEGRE DRINKER BIDDLE & REATH LLP
    1717 Main Street, Suite 5400
    Dallas, TX 75201
    Telephone: (469) 357-2500
    Facsimile: (469) 327-0860

    *Attorney for Defendant Johnson Controls, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2021, a copy of the foregoing was filed electronically and notice of the filing of this document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Dawn S. McCord*
DAWN S. MCCORD